IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT HUDSON,

    Petitioner,

v.                                                    No. CV 13-0919 KG/CG

JAMES JANECKA, WARDEN,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on Petitioner Robert Hudson's *Petition for Writ of Habeas Corpus* ("Petition") filed on September 23, 2013, (Doc. 1), and *Motion for Stay and Abeyance* (Doc. 3); and *Respondents' Combined Answer to* Pro Se *Petitioner Robert Hudson's Writ of Habeas Corpus Pursuant to 28 U.S.C. §§ [sic] 2254 [Doc. 1] & Response in Opposition to Motion for Stay and Abeyance (Doc. 3]* ("Response"), filed January 23, 2014, (Doc. 11). After considering the parties' filings and the relevant law, the Court recommends that the Petition be dismissed with prejudice.

**I.    Procedural Background**

Petitioner is an inmate at the Lea County Correctional Facility. (Doc. 1). On April 15, 2010, Petitioner pled no contest to one count of second-degree criminal sexual contact of a minor, a second degree felony, by way of the *Plea and Disposition Agreement* ("Plea Agreement"). (Doc. 11, Ex. C). In exchange for entering the plea agreement, one count of first-degree criminal sexual penetration of a child under 13 years of age was dismissed. (Doc. 11, Ex. C at 1). The Plea Agreement also states that there are no agreements as to sentencing between the parties. (Doc. 11, Ex. C at 1). On June

8, 2010, the District Court for the Fifth Judicial District of the State of New Mexico ("state district court") entered the *Judgment, Order and Commitment to the Corrections Department*, ("Judgment"), sentencing Petitioner to 15 years of imprisonment, to be followed by an indeterminate period of parole to last between five and 20 years. (Doc. 11, Ex. A). Petitioner was represented by Harry Wilcox in the plea proceedings. (Doc. 11, Ex. A–C).

The next action that Petitioner took in his criminal case was on February 2, 2012. (Doc. 11, Ex. O). Petitioner filed a *Motion for Discovery* in the state district court requesting the Court order the district attorney and Mr. Wilcox to disclose to him all of the evidence that had been collected in his case. (Doc. 11, Ex. D). The state district court denied his motion on March 21, 2012. (Doc. 11, Ex. E). On April 16, 2012, Petitioner filed a *Notice of Appeal* from the denial of his *Motion for Discovery*, (Doc. 11, Ex. F); the appeal was dismissed by the New Mexico Court of Appeals because the denial of a request for discovery is not a final, appealable order. (Doc. 11, Ex. H).

The state district court subsequently entered the *Amended Judgment, Order and Commitment to the Corrections Department* ("Amended Judgment") on June 13, 2012. (Doc. 11, Ex. B). The Amended Judgment changed the range of Petitioner's indeterminate parole sentence to a period of between 5 years and the rest of his life. (Doc. 11, Ex. B).

On July 26, 2012, Petitioner filed a petition for a writ of certiorari with the New Mexico Supreme Court, contending that the New Mexico Court of Appeals denied him his constitutional rights in dismissing his appeal on the grounds that the discovery order was not a final, appealable order. (Doc. 11, Ex. K at 3). Petitioner requested the New Mexico

Supreme Court order the state district court to provide him with the discovery from his case. (Doc. 11, Ex. K at 4). The New Mexico Supreme Court denied the petition on September 24, 2012. (Doc. 11, Ex. L).

On September 23, 2013, Petitioner filed the *Motion for Sentencing Tape/Transcript* in state district court, whereby he requested that transcripts and other materials from his sentencing be produced to him. (Doc. 11, Ex. M). He stated that the materials were necessary for his pursuit of post-conviction relief. (Doc. 11, Ex. M at 3). The state district court granted the motion. (Doc. 11, Ex. N).

Petitioner also filed the Petition and Motion for Stay and Abeyance on September 23, 2013, through which he requests 28 U.S.C. § 2254 habeas review, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The claims raised in this Petition are based primarily on allegations that he only entered into the Plea Agreement because he was promised a sentence of three years. (Doc. 1 at 2). The claims are as follow:

(1) The arrest and search warrants were defective in violation of the Fourth Amendment.[1] (Doc. 1 at 6). For factual support, Petitioner claims that the evidence against him could not have been preserved because several weeks passed between his initial interrogation and the date that the search warrant was executed. (Doc. 1 at 7–8).
(2) The Plea Agreement was breached in violation of his due process and Fifth Amendment rights, because he was promised a sentence of three years in exchange for the no contest plea. (Doc. 1 at 6–7).
(3) He was denied discovery to prepare a proper defense, in violation of his Fifth, Sixth, Eighth, and Fourteenth Amendment rights. (Doc. 1 at 6, 8–9).
(4) He received ineffective assistance of counsel in violation of his Fifth, Sixth

---

[1] Petitioner's claims pursuant to violation of the Fourth Amendment cannot be reviewed by this Court through a habeas petition. Under *Stone v. Powell*, 428 U.S. 465 (1976), a state prisoner may not be granted federal habeas corpus relief on grounds that evidence was obtained in an illegal search or seizure where the state has provided an opportunity to litigate the Fourth Amendment claim. *Id.*, at 494. Further, pursuant to the Plea agreement, Petitioner waived any rights pursuant to the Fourth Amendment. (Doc. 11, Ex. C). Thus, the Court cannot grant Petitioner any habeas relief on these grounds.

     and Fourteenth Amendments rights. (Doc. 1 at 6). Petitioner alleges that Mr. Wilcox told him he would only be sentenced to three years of incarceration if he pled no contest, and that he asked Mr. Wilcox to appeal his conviction and sentence but Mr. Wilcox never did so. (Doc. 9 at 8–9).
(5) Petitioner's confinement for 15 years instead of three years amounts to cruel and unusual punishment in violation of the Eighth Amendment. (Doc. 1 at 6, 10). The Court shall construe the claim as one alleging violation of due process rights pursuant to the Fourteenth Amendment.
(6) Petitioner was forced by the State to waive his Fifth Amendment protection against self-incrimination when he entered into the Plea Agreement. (Doc. 1 at 6).
(7) The legal errors as a whole amount to cumulative error. (Doc. 1 at 11).

As relief, Petitioner asks the Court to enforce the three-year confinement term he was allegedly promised, allow him to withdraw his Plea Agreement, or overturn his conviction and set him free. (Doc. 1 at 2–3).

Respondent argues that none of Petitioner's claims have been exhausted, which Petitioner readily admits. (Doc. 3 at 1–2; Doc. 11). He acknowledges that he has failed to exhaust his state law remedies, and asks that the Court grant him a stay and abeyance pending the outcome of state habeas proceedings. (Doc. 3 at 1–2). He contends that it was necessary to file the Petition in order to preserve his right to bring an action under the AEDPA to toll the one-year limitations period. (Doc. 3 at 2). Respondent contends that a stay and abeyance is improper for several reasons, primarily because Petitioner has failed to initiate any state habeas proceedings and all of Petitioner's claims are time-barred. For those reasons Respondent asks the Court to dismiss the Petition with prejudice.

**II.     Analysis**

    *A.     Standard of Review*

Petitioner is a *pro se* litigant. His pleadings must be construed liberally and held to a less stringent standard than is required of a party represented by counsel. *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Liberal construction requires courts to make some allowance for a *pro se* litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[.]" *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110) (alterations omitted). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett*, 425 F.3d at 840.

    *B.     Exhaustion of State Court Remedies and Motion for Stay and Abeyance*

Before a Federal District Court may consider the merits of a habeas petition brought pursuant to 28 U.S.C. § 2254, the court must first be satisfied that the petitioner has exhausted all available state remedies. *See* 28 U.S.C. § 2254(b)(1)(A)(2) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."). The exhaustion doctrine is based upon principles of comity and federalism; in a federal system, state courts should be afforded an opportunity to hear a petitioner's case before federal courts are called upon to resolve the issue. *See, e.g.*, *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986) ("The exhaustion doctrine seeks to afford the state courts a meaningful opportunity to consider

allegations of legal error without interference from the federal judiciary."),

The exhaustion requirement is considered satisfied "if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). A petitioner has not fairly presented his claims unless he has afforded the state courts "one full opportunity to resolve any constitutional issues." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A petitioner has not properly exhausted his state remedies if he fails to submit those claims to the state's highest court for discretionary review. *See id.* The petitioner bears the burden of showing that he exhausted all of his claims before the highest state court. *See McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009).

Here, Petitioner has failed to present any of his claims to any state court, which he readily acknowledges. The Court finds that none of Petitioner's claims have been properly exhausted.

Petitioner also requests a stay and abeyance from the Court in order to prevent a procedural default of his claims under the AEDPA limitations period while he exhausts his state remedies. (Doc. 3). Traditionally, only mixed petitions are entitled to the stay-and-abeyance procedure authorized by *Rhines v. Weber*, 544 U.S. 269, 277 (2005). *See United States v. Hickman*, 191 Fed. Appx. 756, 757 (10th Cir. 2006). In this case, none of Petitioner's claims are exhausted, and therefore the Petition is not mixed. Further, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust, and should not be extended to situations when an unexhausted claim is plainly meritless. *Rhines*, 544 U.S. at 277.

The Court cannot find that Petitioner has shown good cause for his failure to exhaust his state remedies. Petitioner waited over two years after his conviction and sentencing to file the *Motion for Discovery*. None of Petitioner's filings that challenge the state district court's denial of the *Motion for Discovery* raise issues of constitutional dimension, nor did they raise any of the claims or allegations set forth in the Petition. *See Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006). Further, as of January 22, 2014, over four months after commencing this lawsuit, Petitioner had not pursued the requisite post-conviction relief from the state district court. (Doc. 11, Ex. O). Petitioner asks for extraordinary relief from this Court but has not been diligent in pursuing his state habeas remedies. Therefore, the Court does not find that stay and abeyance is appropriate in this case.

    C.    *Petitioner's Claims are Time-Barred*

The Court is presented with a petition comprised of unexhausted claims, and is therefore faced with two options: (1) dismiss the Petition and allow Petitioner to return to state district court to exhaust his claims; or (2) deny the Petition on the merits, notwithstanding Petitioner's failure to exhaust his state court remedies. *See Moore v. Schoeman*, 288 F.3d 1231, 1232 (10th Cir. 2002). Respondent contends that the Court should dismiss the Petition with prejudice, because the claims in the Petition are procedurally defaulted as untimely pursuant to 28. U.S.C. Section 2244(d)(1).

The AEDPA establishes a one-year period within which a prisoner must file his petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The one year limitation period begins to run from the latest of:

7

> (a) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (b) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (c) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Each claim, and not the petition as a whole, is entitled to its own Section 2244(d)(1) analysis. *See Prendergast v. Clements*, 699 F.3d 1182, 1187 (10th Cir. 2012).

Respondent asserts that the Court should calculate the limitations period in this case from the date the judgment became "final" as per Section 2244(d)(1)(A), which was on July 8, 2010. (Doc. 11 at 11 n.2). Petitioner has not made any arguments to the contrary. In a criminal case the judgment does not become "final" for Section 2244(d)(1)(A) purposes until "both the conviction and sentence become final by the conclusion of direct review or the expiration of the time for seeking such review." *Burton v. Stewart*, 549 U.S. 147, 156–57 (2007); *United States. v. Burch*, 202 F.3d 1274, 1278 (10th Cir. 2011). All of the alleged claims set forth by Petitioner arise from the adjudication of guilt and sentencing that was memorialized in the Judgment dated June 8, 2010.[2] Since Petitioner did not challenge the Judgment on direct review, it became "final" on July

---

[2] The Amended Judgment was filed on June 13, 2012, and adjusted language regarding the maximum term Petitioner may be sentenced to supervised parole, in accordance with applicable state law. *See* NMSA 1978, §§ 31-21-10.1(A)(2) (2007). The Court does not find that the modifications in the Amended Judgment changed the finality of Petitioner's conviction and sentencing for the purposes of AEDPA review of the alleged claims. Even if, *arguendo*, the judgment was not final until July 13, 2012, the presumptive limitations deadline was July 13, 2013, two months before Petitioner filed the Petition. Therefore, the outcome of the Court's analysis would be unchanged.

8, 2010, which was thirty days after the Judgment was entered and the last day Respondent could have sought direct review. *See* N.M.S.A. 1978 § 39-3-3(a)(1).

In this case, the presumptive statute of limitations date was one calendar year after the day the judgment became final, or July 8, 2011. Petitioner did not file for any post-conviction relief until filing the Petition on September 23, 2013, which was 808 days after the deadline. (Doc. 1). Therefore, none of the claims asserted in the Petition are timely.

The U.S. Supreme Court has determined that Section 2244(d)(1) is subject to equitable tolling under rare and exceptional circumstances. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "A petitioner is entitled to equitable tolling if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." I*d.*, at 649 (internal quotations omitted). Claims of insufficient access to the relevant law or excusable neglect are not sufficient to support the application of equitable tolling. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

Petitioner did not take any action to challenge his conviction during the critical period after his sentence and conviction became final. The only reason he has asserted for his undue delay is that he requested his criminal attorney appeal his case, but his attorney never responded to his demand. However, that reason alone does not adequately explain to the Court why Petitioner waited over three years after the Judgment was entered before pursuing post-conviction relief. Further, Petitioner is well aware he needs to exhaust his state remedies and must do so before he may proceed with his Petition; however, there is no evidence that Petitioner is actively pursuing such relief.

(Doc. 11, Ex. O). Petitioner has not sufficiently shown that he diligently pursued his rights to support a grant of equitable tolling in the face of an extraordinary circumstance.

This Court finds that the Petition is time-barred, and will not be accorded equitable tolling. Therefore, the Court recommends that the Petition be dismissed with prejudice.

### III.     Recommendation

Based on the above analysis, the Court recommends that all of the cognizable claims for habeas relief asserted in the *Petition for Writ of Habeas Corpus*, (Doc. 1), be **DISMISSED WITH PREJUDICE**. The *Motion for Stay and Abeyance* (Doc. 3), should be **DENIED**. A certificate of appealability should also be **DENIED**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE