## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ROBERT HUDSON,

       Petitioner,

v.                                     No. CV 13-0919 KG/CG

JAMES JANECKA, WARDEN,

       Respondent.


## ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on the Magistrate Judge's *Proposed Findings and Recommended Disposition* ("PFRD"), filed on April 4, 2014. (Doc. 12). In the PFRD, United States Magistrate Judge Carmen E. Garza recommended that Petitioner Robert Hudson's *Petition for Writ of Habeas Corpus* ("Petition"), (Doc. 1), and *Motion for Stay and Abeyance*, (Doc. 3), be dismissed with prejudice because all of the claims asserted are unexhausted and time-barred.

Petitioner timely filed the *Motion in Opposition to the Proposed Findings and Recommended Disposition* ("Objections"), on April 18, 2014, (Doc. 12), which the Court will construe as objections to the PFRD because it is in the interest of justice to do so.[1] Respondent did not file any timely objections and the deadline of April 21, 2014 has passed. Respondent did not file a response to Petitioner's Objections. After a *de novo* review of the record and the PFRD, this Court adopts Judge Garza's *Proposed Findings and Recommended Disposition* in its entirety.

---

[1] Petitioner is a *pro se* litigant. His pleadings must be construed liberally and held to a less stringent standard than is required of a party represented by counsel because it is in the interest of justice to do so. *See Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## I.      Background

On April 15, 2010, Petitioner pled no contest to one count of second-degree criminal sexual contact of a minor, a second degree felony, by way of the *Plea and Disposition Agreement* ("Plea Agreement"). (Doc. 11, Ex. C). In exchange for his guilty plea, one count of first-degree criminal sexual penetration of a child under 13 years of age was dismissed. (Doc. 11, Ex. C at 1). Pursuant to the terms of the Plea Agreement, the final sentencing decision was left up to the discretion of the District Court for the Fifth Judicial District of the State of New Mexico ("state district court"). (Doc. 11, Ex. C at 1). On June 8, 2010, the state district court entered the *Judgment, Order and Commitment to the Corrections Department*, ("Judgment"), and sentenced Petitioner to 15 years of imprisonment, to be followed by an indeterminate period of parole to last between five and 20 years. (Doc. 11, Ex. A).

On February 2, 2012, Petitioner filed a *Motion for Discovery* in the state district court requesting the disclosure of all of the evidence that had been collected in his criminal case. (Doc. 11, Ex. D). The motion was denied, and on April 16, 2012, Petitioner appealed the denial of his motion to the New Mexico Court of Appeals. (Doc. 11, Ex. F). The appeal was dismissed by the New Mexico Court of Appeals because the denial of a request for discovery is not a final, appealable order. (Doc. 11, Ex. H).

The state district court subsequently entered the *Amended Judgment, Order and Commitment to the Corrections Department* ("Amended Judgment") on June 13, 2012. (Doc. 11, Ex. B). The Amended Judgment changed the range of Petitioner's indeterminate parole sentence to a period of between 5 years and the rest of his life. (Doc. 11, Ex. B).

On July 26, 2012, Petitioner filed a petition for a writ of certiorari with the New Mexico Supreme Court, contending that the New Mexico Court of Appeals denied him his constitutional

2

rights by dismissing the appeal of the discovery order. (Doc. 11, Ex. K at 3). The New Mexico Supreme Court denied the petition on September 24, 2012. (Doc. 11, Ex. L).

On September 23, 2013, Petitioner filed the *Motion for Sentencing Tape/Transcript* in state district court, requesting copies of the sentencing hearing transcript and other sentencing-related materials. (Doc. 11, Ex. M). He stated that the materials were necessary to pursue post-conviction relief. (Doc. 11, Ex. M at 3). The state district court granted the motion. (Doc. 11, Ex. N). On the same day, Petitioner filed the Petition and *Motion for Stay and Abeyance*. He requested 28 U.S.C. § 2254 habeas review, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and a stay and abeyance of his Petition.

Judge Garza concluded that the seven habeas claims in the Petition turn primarily on Petitioner's insistence that he was promised a sentence of three years of imprisonment in exchange for his guilty plea. (Doc. 1 at 2). As relief, Petitioner asks the Court to enforce the promised three-year confinement term of the Plea Agreement, allow him to withdraw his guilty plea, or overturn his conviction and set him free. (Doc. 1 at 2–3).

This Court referred this matter to Judge Garza to conduct analysis, and to make findings of fact and a recommended disposition. (Doc. 4). Judge Garza concluded that the claims in the Petition are unexhausted and time-barred, and recommended that the Petition be dismissed with prejudice.

## II.    Objections

After a magistrate judge files her recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. FED. R. CIV. P. 72(b)(2). An objection must be both timely and "sufficiently specific to focus the district court's

attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). When resolving objections to a magistrate judge's recommendation, the district judge must make a *de novo* determination regarding any part of the recommendation to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C).

A.   <u>*Petitioner's Claims are Unexhausted*</u>

Judge Garza determined that all of the claims in the Petition are unexhausted, and that a stay and abeyance in this case is inappropriate. In his Objections, Petitioner concedes that all of his habeas claims are unexhausted, but requests the Court enter a stay and abeyance while he pursues his state court remedies on the basis that he has satisfied the "good faith doctrine." (Doc. 13).

Before a Federal District Court may consider the merits of a habeas petition brought pursuant to 28 U.S.C. § 2254, the court must first be satisfied that the petitioner has exhausted all available state remedies. *See* 28 U.S.C. § 2254(b)(1)(A)(2) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State[.]"). The exhaustion doctrine is based upon principles of comity and federalism; in a federal system, state courts should be afforded an opportunity to hear a petitioner's case before federal courts are called upon to resolve the issue. *See, e.g.*, *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986) ("The exhaustion doctrine seeks to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary."),

The exhaustion requirement is considered satisfied "if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). A petitioner has not

4

fairly presented his claims unless he has afforded the state courts "one full opportunity to resolve any constitutional issues." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A petitioner has not properly exhausted his state remedies if he fails to submit those claims to the state's highest court for discretionary review. *See id.* The petitioner bears the burden of showing that he exhausted all of his claims before the highest state court. *See McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009).

Judge Garza found that Petitioner failed to present any of his habeas claims to any state court, and therefore none of Petitioner's claims are properly exhausted. Judge Garza also recommended that Petitioner's request for a stay and abeyance be denied. Traditionally, when a petition contains only unexhausted claims, the petition should be dismissed without prejudice. *See United States v. Hickman*, 191 Fed. Appx. 756, 757 (10th Cir. 2006). While mixed petitions may be entitled to the stay-and-abeyance procedure authorized in *Rhines v. Weber*, 544 U.S. 269, 277 (2005), the Tenth Circuit has yet to decide in a published decision whether the *Rhines* procedure applies to wholly unexhausted petitions. *Hickman*, 191 Fed. Appx. at 757. The Tenth Circuit has cautioned that "stay and abeyance of totally unexhausted petitions increases the temptation to decide unexhausted claims and decreases the incentive to exhaust first." *Id.*

Judge Garza found that even if the *Rhines* procedure is available in this case, stay and abeyance is not appropriate because Petitioner has not stated good cause for his failure to exhaust. *See Rhines*, 544 U.S. at 277. Petitioner objects to Judge Garza's finding on the basis that he was unable to pursue his state habeas rights because of illness and lack of "legal assistance."[2] (Doc. 13 at 4). He suggests that the "numerous months" that he spent in medical segregation prevented him

---

[2] The Court will construe Petitioner's contention that he has satisfied the "good faith doctrine" as an argument that he has stated good cause for a stay and abeyance.

from pursuing his state court remedies, and that since filing the Petition he has experienced severe health problems which sent him to the long-term health care unit of the prison on two separate occasions. (Doc. 13 at 2). He further claims that he was unable to diligently seek habeas review because he lacked legal assistance. (Doc. 13 at 4). He contends that he had no knowledge of "any legal rights . . . post-sentence rights", besides his right to direct appeal, and that he has diligently sought review of his legal claims since being made aware of his post-conviction rights. (Doc. 13 at 3, 4). He states that he relies on another inmate for legal assistance, from whom he is segregated and only able to meet with a few times per week. (Doc. 13 at 3).

Judge Garza pointed out that Petitioner filed various post-conviction discovery motions in state district court, the New Mexico Court of Appeals, and the New Mexico Supreme Court, between February 2012 and September 23, 2013. None of those filings raise issues of constitutional dimension, nor did they raise any of the claims or allegations set forth in the Petition. *See Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006). Petitioner's ability to file these motions in the state courts for the year and a half preceding the filing of the Petition reveals that illness and medical segregation would not have prevented him from filing for state habeas relief. Judge Garza further commented that Petitioner has still not initiated the requisite post-conviction review in the state district court, and Petitioner does not challenge that observation in his Objections. (Doc. 11, Ex. O).

Petitioner also states in his Objections that "attached exhibits" will show that he satisfied the "good faith requirement." (Doc. 13 at 2). The Court has reviewed the Objections in its entirety. The Objections consist of six pages, which include a four-page brief, a notary and certificate of mailing page, and a certificate of service page, but do not contain any attached exhibits. The Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and

searching the record. *See Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Therefore, the Court must find that no attached exhibits were submitted to the Court for review as part of Petitioner's Objections, and will not infer that such exhibits would have provided an additional evidentiary basis to support a stay and abeyance of the Petition.

This Court agrees with Judge Garza's analysis, and finds that none of Petitioner's claims are exhausted. The Tenth Circuit has declined to decide whether stay and abeyance is an available procedure for a petition containing entirely unexhausted claims, and this Court is not inclined to grant such extraordinary relief, especially when Petitioner has not made a showing that he is diligently pursuing his state court remedies.

 B.   *Petitioner's Claims are Time-Barred*

The Court will next turn to whether the Petition should be dismissed with prejudice because it is time-barred. The AEDPA establishes a one-year period within which a prisoner must file his petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The one year limitation period begins to run from the latest of:

> (a)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (b)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (c)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (d)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Each claim, and not the petition as a whole, is entitled to its own Section 2244(d)(1) analysis. *See Prendergast v. Clements*, 699 F.3d 1182, 1187 (10th Cir. 2012).

Judge Garza determined that all of Petitioner's claims arise from his admission of guilt and

subsequent sentencing memorialized in the Judgment dated June 8, 2010. Since Petitioner did not challenge the Judgment on direct review, it became "final" on July 8, 2010, which was 30 days after the Judgment was entered and the last day Respondent could have sought direct review. *See* N.M.S.A. 1978 § 39-3-3(a)(1). The presumptive statute of limitations was one calendar year, or 365 days, after the day the judgment became final. Petitioner did not seek any post-conviction relief until he filed the Petition on September 23, 2013, which was 807 days after the deadline. (Doc. 1). Judge Garza concluded that none of the claims asserted in the Petition are therefore timely.

Judge Garza also found that Petitioner was not entitled to equitable tolling on his claims. The U.S. Supreme Court has determined that Section 2244(d)(1) is subject to equitable tolling under rare and exceptional circumstances. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "A petitioner is entitled to equitable tolling if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (internal quotations omitted).

Judge Garza noted that Petitioner did not take any action to challenge his conviction during the critical period after his sentence and conviction became final. He previously asserted that his undue delay was caused by his criminal attorney's refusal to appeal his case. Judge Garza appropriately found the explanation inadequate because it failed to explain why Petitioner waited over three years to pursue post-conviction relief. Petitioner now objects on the basis that he was unable to pursue his state habeas rights because of illness and lack of legal knowledge and resources. (Doc. 13 at 4).

The record shows that Petitioner's illness, medical segregation, and ignorance of the law did not create such extraordinary circumstances to prevent him from seeking post-conviction

8

discovery in various state courts between February 2012 and September 23, 2013. Petitioner's ability to file motions with the state courts for the year and a half preceding his filing of the Petition reveal that illness and medical segregation would not have prevented him from filing for state habeas relief. This Court also finds that Petitioner's statement as to his lack of legal knowledge does not direct this Court's attention to a factual or legal issue truly in dispute, and therefore is not a proper objection. *See One Parcel of Real Prop.*, 73 F.3d at 1060. Claims of insufficient access to the relevant law or excusable neglect are not sufficient to support the application of equitable tolling. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Further, Petitioner is aware that he needs to exhaust his state remedies and must do so before he may proceed with his Petition; however, there is no evidence that Petitioner is actively pursuing such relief. (Doc. 11, Ex. O).

The Court finds that the claims in the Petition are time-barred, and that Petitioner has failed to show he is entitled to equitable tolling.

C.    *Miscarriage of Justice*

Last, Petitioner contends that a "miscarriage of justice" will occur if the Court dismisses his Petition. "[T]he fundamental miscarriage of justice exception applies when a prisoner 'supplements his constitutional claim with a colorable showing of factual innocence.'" *Selsor v. Kaiser*, 22 F.3d 1029, 1034 (10th Cir. 1994) (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986)) (alterations omitted). The miscarriage of justice exception is concerned with actual innocence, as compared to legal innocence. *See id*. at 1034. Here, Petitioner does not allege in the Objections or Petition that he is factually innocent of the crime he was convicted. The conclusory statement that "a miscarriage of justice will occur" if his Petition is dismissed is not enough to make a colorable showing of factual innocence.

### III.   Conclusion

Petitioner has not pointed out any factual or legal errors in Judge Garza's analysis of the claims in the Petition. This Court finds that Judge Garza conducted the proper analysis of 28 U.S.C. § 2244(d)(1), and correctly concluded that all of Petitioner's claims should be dismissed with prejudice as unexhausted and time-barred. All of Petitioner's objections are therefore overruled.

**IT IS HEREBY ORDERED** that, for all of the foregoing, Judge Garza's *Proposed Findings and Recommended Disposition* be **ADOPTED**.

**IT IS FURTHER ORDERED** that the Robert Hudson's *Petition for Writ of Habeas Corpus*, (Doc. 1), be **DISMISSED WITH PREJUDICE**, and the *Motion for Stay and Abeyance*, (Doc. 3), be **DENIED**.

**IT IS ALSO ORDERED** that a certificate of appealability be **DENIED**.

**IT IS SO ORDERED**.

UNITED STATES DISTRICT JUDGE